UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LOUIS P. FROMER, | |
| Petitioner, | |
| v. | CAUSE NO. 3:19-CV-469-RLM-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Louis P. Fromer, a prisoner without a lawyer, filed a habeas corpus petition challenging his disciplinary hearing in case ISP 18-04-319, in which a disciplinary hearing officer found him guilty of threatening a prison officer in violation of Indiana Department of Correction policy B-213. He was sanctioned with the loss of 90 days earned credit time and a one-step demotion in credit class. The Warden has filed the administrative record. Mr. Fromer didn't file a traverse and the time to do so has passed. *See* N.D. Ind. L. Cr. R. 47-2.

The Fourteenth Amendment guarantees prisoners certain procedural due process rights in prison disciplinary hearings: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence in defense, when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-567 (1974). To satisfy

due process, there must also be "some evidence" in the record to support the guilty finding. Superintendent, Mass Corr Inst. v. Hill, 472 U.S. 445, 454 (1985).

In the context of a prison disciplinary hearing, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Supt. v. Hill, 472 U.S. at 455-556. "In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." McPherson v. McBride, 188 F.3d 784, 786 (7th Cir. 1999) (quotation marks omitted).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

This case began when Officer Hufford wrote a conduct report charging Mr. Fromer with violating offense B-213, which prohibits an inmate from engaging in threatening conduct. The Department of Correction defines threatening conduct as:

> 1. Communicating to another person an intent to physically harm, harass or intimidate that person or someone else.
> 2. Communicating an intent to cause damage to or loss of that person's or another person's property.

2

> 3. Communicating an intent to intentionally make an accusation that he/ she knows is untrue or false.

Indiana Department of Correction, Adult Disciplinary Process: Appendix I. https://www.in.gov/idoc/files/02-04-101%20Appendix%20I%206-4-2018.pdf. The conduct report states:

> On 4/20/2018 at approx. 2:43 pm, I, Ofc. J. Hufford was working DU 500 when J3 Fromer, Louis (241520) who is housed in DU 513 threatened to assault me with bodily fluids if he did not. I informed the offender that such a statement would not be tolerated and this report was written. All cell house duties were completed without further incident.

(ECF 9-1 at 1.)

Mr. Fromer was notified of the charge when he was served with the conduct report and screening report.[1] He pleaded not guilty to the charge and asked for the assistance of a lay advocate. Mr. Fromer didn't request any physical evidence. He checked the box on the screening report indicating he wished to call witnesses, but didn't identify any witnesses. Instead, Mr. Fromer wrote the following statement: "[t]he offender has no cloths he wasn't trying to threat[en] the ofc. he need[s] some cloths [be]cause he been in the same cloths 40 days with no [laundry]. When he told the ofc. the ofc. [laughed] at him he refuse[d] to get the Sgt." (ECF 9-3 at 1.).

---

[1] The conduct report was also reviewed by H. Verdon, an IDOC psychologist, reviewed that report who determined that Mr. Fromer's conduct was not related to any mental health issues. (ECF 9-2 at 1.)

Mr. Fromer waived his request for a lay advocate at the disciplinary hearing. The hearing officer denied Mr. Fromer's request for a continuance to obtain evidence, including witnesses, because he didn't ask for any evidence at his screening and his request wasn't made 24 hours before the hearing. Mr. Fromer explained to the hearing officer that he didn't threaten Officer Hufford and stated: "I asked for a Sgt. for 6 hours. I asked him 'What [d]o I have to do? Threaten to gun you down?' I told him to no[t] take this as a threat. I am not threatening you." (ECF 9-4 at 1.) Based on the conduct report, the hearing officer found Mr. Fromer guilty of violating offense B-213. She sanctioned him with the loss of 90 days earned credit time and a one-step demotion in credit class.

Mr. Fromer appealed the hearing officer's decision to the facility head, arguing that he was denied evidence and was having a severe reaction to a new medication, causing him to hallucinate when the incident occurred. His appeal was initially rejected as untimely but the facility head later denied the first-level appeal on its merits, and the Final Reviewing Authority denied Mr. Fromer's second-level appeal.

Mr. Fromer's argument is hard to follow, but he appears to be arguing that he is entitled to habeas corpus relief because there was insufficient evidence for the hearing officer to find him guilty of threatening Officer Hufford. (ECF 1 at 2-3.) In assessing the sufficiency of the evidence, a conduct report alone can be enough to support a finding of guilt. McPherson v. McBride, 188 F.3d at 786. Officer Hufford wrote a conduct report documenting that, on April 20, 2018, at about 2:43 p.m., while he was working on DU 500, Mr. Fromer, who was housed

4

in DU 513, threatened to assault him with bodily fluids. At the hearing, Mr. Fromer admitted he said to Officer Hufford: "What [d]o I have to do? Threaten to gun you down?" (ECF 1 at 2; 9-4 at 1.) Officer Hufford's conduct report coupled with Mr. Fromer's own admission that he threatened to gun down Officer Hufford, amounts to more than "some evidence" for the hearing officer to find Mr. Fromer guilty of violating offense B-213.

Mr. Fromer says Officer Hufford taunted him by repeatedly laughing at him and walking away when he asked him to get a sergeant. "[I]nmates do not have a constitutional right to raise self-defense as a defense in the context of prison disciplinary proceedings." Jones v. Cross, 637 F.3d 841, 848 (7th Cir. 2011). And a "justification" defense would fare no better. Scruggs v. Jordan, 485 F.3d 934, 938-939 (7th Cir. 2007). Mr. Fromer states that he was having a severe reaction to a new medication that caused him to hallucinate when the incident occurred. H. Verdon, an IDOC Psychologist, reviewed Mr. Fromer's conduct and determined his conduct was not related to any mental health issues, and the hearing officer could accept that opinion. Lastly, Mr. Fromer's contention that he told Officer Hufford he wasn't threatening him does not entitle him to relief, because the court is not "required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence." McPherson v. McBride, 188 F.3d at 786. Rather, the court's job is to determine if the hearing officer's decision to revoke good time credits has some factual basis. *Id.* Because the hearing officer appropriately considered the evidence in this case, there was no violation of Mr. Fromer's due process rights. See Supt. v. Hill, 472 U.S. at 457

(due process "does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board"). Because the hearing officer's finding of guilt was neither arbitrary nor unreasonable, Mr. Fromer hasn't identified a basis for granting habeas corpus relief.[2]

Mr. Fromer doesn't need a certificate of appealability to appeal this order because he is challenging a prison disciplinary proceeding. *See* Evans v. Circuit Court, 569 F. 3d 665, 666 (7th Cir. 2009). He can't proceed in forma pauperis on appeal because under 28 U.S.C. § 1915(a)(3) an appeal in this case could not be taken in good faith.

For these reasons, Louis P. Fromer's petition for writ of habeas corpus (ECF 1) is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED on August 28, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT

---

[2] While Mr. Fromer raised the issue that he was denied evidence in his facility appeal, he has not raised that issue in his petition. (*See* ECF 9-5 at 1; 9-6 at 1-16.)